GRIFFIN v AMERICAN ARBITRATION ASSOCIATION

Docket No. 108333. Submitted December 18, 1989, at Detroit. Decided
April 17, 1990.

Helen R. Griffin and Nellie L. Rickard, recipients of medical
malpractice arbitration awards which were vacated by a trial
court on the basis that the license of the physician member of
the arbitration panel that arbitrated their claims had been
revoked at the time of arbitration, brought an action in Wayne
Circuit Court against the American Arbitration Association.
Plaintiffs alleged that defendant was negligent in its screening
of the physician arbitrator. Defendant moved for summary
disposition, claiming in part that it was statutorily immune
from plaintiffs' action. The court, Lucile A. Watts, J., denied
the motion. Defendant appealed by leave granted.

The Court of Appeals held:

Under MCL 500.3055; MSA 24.13055, the arbitration advi-
sory committee within the Bureau of Insurance is responsible
for generating a pool of prospective medical malpractice arbi-
trators and providing initial screening thereof in cooperation
with the arbitration association. After that initial screening,
the arbitration association, pursuant to MCL 600.5045; MSA
27A.5045, has responsibility for screening the pool of candi-
dates for bias. MCL 500.3056; MSA 24.13056 provides in part
that an organization or entity authorized to screen or otherwise
participate in the selection of arbitrators shall not be subject to
an action for damages relating to the disclosure of information
to the organization or entity, or the disclosure of the evaluation
and decision by the organization or entity. Here, the physician
arbitrator's submission of a biographical sketch to defendant
constituted a disclosure which served as the basis of defen-
dant's decision to select the physician to serve on the arbitra-
tion panel. Thus, defendant's conduct within this screening

REFERENCES

Am Jur 2d, Arbitration and Award §§ 97, 107; Physicians, Sur-
geons, and Other Healers § 376.

Liability of organization sponsoring or administering arbitration to
parties involved in proceeding. 41 ALR4th 1013.

procedure falls within the protection of immunity under MCL 500.3056; MSA 24.13056.

Reversed.

ARBITRATION — MEDICAL MALPRACTICE — AMERICAN ARBITRATION ASSOCIATION — IMMUNITY FROM ACTION FOR DAMAGES.

The American Arbitration Association, in discharging its duty of screening prospective members of medical malpractice arbitration panels, is vested with immunity from an action for damages brought by a medical malpractice claimant whose arbitration award was vacated by a trial court upon discovery that the physician member of the arbitration panel had a revoked license to practice medicine at the time of arbitration (MCL 500.3056; MSA 24.13056).

*Harvey, Kruse, Westen & Milan, P.C.* (by *Dane A. Lupo* and *Alan G. Edwards*), for plaintiffs.

*Kirk, McCargo & Arbulu, P.C.* (by *Samuel E. McCargo* and *Jerome D. Hill*), for defendant.

Before: DOCTOROFF, P.J., and SHEPHERD and MC-DONALD, JJ.

PER CURIAM. Defendant appeals by leave granted from a May 15, 1986, order denying defendant's motion for summary disposition in this malpractice action. We reverse.

Plaintiffs instituted the instant action against defendant alleging negligence, malpractice and fraud in the selection of a certain doctor to the arbitration committee formed to arbitrate medical malpractice claims filed by plaintiffs. The medical malpractice claims were submitted to arbitration under the medical malpractice arbitration act, MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.* According to the statutory guidelines, a panel of arbitrators was selected from a pool of candidates. When the parties could not agree on a physician member of the arbitration panel, Pedro Berdayes, M.D., was appointed. Plaintiff Griffin's claim was

arbitrated at $125,000 and plaintiff Rickard's at $250,000. However, both awards were later vacated by the circuit court based on its finding that Berdayes' license to practice medicine in Michigan had been revoked at the time he served on the arbitration panel. This Court affirmed the trial court's vacation of the awards in an unpublished opinion per curiam, *Griffin v Henry Ford Hospital*, decided November 28, 1984 (Docket No. 73837). Thereafter, plaintiffs received a joint settlement award of $200,000 in lieu of rearbitration and they filed the instant action.

Defendant moved for summary disposition claiming in part that MCL 500.3051 *et seq.*; MSA 24.13051 *et seq.*, the medical malpractice insurance act, afforded the association immunity from liability.

The insurance act provides for the formation of an arbitration advisory committee within the Bureau of Insurance with the committee members being appointed by the state commissioner of insurance, MCL 500.3054; MSA 24.13054. Under § 3055 of the insurance act, the advisory committee is responsible for generating a pool of candidates and providing initial screening in cooperation with an arbitration association. Additionally, after the initial screening by the committee, the arbitration association has responsibility for screening for bias in the pool of candidates under § 5045 of the medical malpractice arbitration act, MCL 600.5045; MSA 27A.5045. Section 3055 of the insurance act and § 5045 of the medical malpractice arbitration act provide in part:

Sec. 3055. The advisory committee shall consult with the commissioner, health care providers, hospitals, the state bar, and any association administering arbitration proceedings under chapter 50a

of Act No. 236 of the Public Acts of 1961, being sections 600.5040 to 600.5065 of the Michigan Compiled Laws, and shall:

\* \* \*

(d) Generate a pool of candidates and provide initial screening in cooperation with the arbitration association develop uniform model arbitration consent forms, informational brochures and letters for office and hospital use which shall be subject to approval by the commissioner. [MCL 500.3055; MSA 24.13055.]

Sec. 5045. (1) The association shall make an initial screening for bias as may be appropriate and shall require a candidate for a particular case to complete a current personal disclosure statement under oath. In addition to other relevant information the statement shall disclose any personal acquaintance with any of the parties or their counsel and the nature of such acquaintance. If the statement reveals facts which suggest the possibility of partiality, the association shall communicate those facts to the parties if the panelist is proposed by the arbitration association. [MCL 600.5045; MSA 27A.5045.]

Plaintiffs appear to assert that defendant has a continuing duty to rescreen all potential arbitrators after initial screening even though there is no evidence of bias on the initial screening. Although this might be a worthwhile procedure, under the current statutory mandates, defendant has no such duty.

Additionally, § 3056 of the insurance act provides immunity to an "entity authorized to screen or otherwise participate in the selection of arbitrators." Section 3056 provides:

(1) A person, organization, or entity which voluntarily furnishes information, records, reports, statements, notes, memoranda, or other data, to a person, organization, or entity authorized to screen or to otherwise participate in selection of arbitra-

tors, together with the person, organization, or entity authorized to screen or otherwise participate in the selection of arbitrators, shall not be subject to an action for damages or other relief predicated thereon.

(2) The evaluation and decision by the person, organization, or entity charged with the responsibility of screening or otherwise participating in the selection of arbitrators shall be disclosed to the arbitrator candidate and to the American arbitration association, but shall otherwise be kept confidential.

(3) The immunity conferred in this section shall extend only to a disclosure made to the person, organization, or other entity charged with the responsibility of screening or otherwise participating in the selection of arbitrators, and to a disclosure of the evaluation and decision by that person, organization, or other entity to the extent authorized in this act. [MCL 500.3056; MSA 24.13056.]

Subsection 3 of § 3056 limits the immunity to disclosures of any kind "made to the . . . entity charged with . . . screening or . . . disclosure of the evaluation and decision by that . . . entity . . . ."

The trial court examined subsection 3 of § 3056 and concluded immunity would attach to defendant's actions only if defendant was sued by a doctor for its evaluation of the doctor's credentials.

We disagree with the trial judge's interpretation. Berdayes' submission of a biographical sketch to defendant in 1976 constituted a disclosure which served as the basis of the arbitration association's decision to select Berdayes to serve on plaintiff's arbitration panel. Thus, defendant's conduct within this screening procedure falls within the protection of immunity under subsection 3 of § 3056. The trial court therefore erred in denying defendant's motion for summary disposition.

Reversed.