IRON MOUNTAIN INFORMATION MANAGEMENT, INC
v STATE TAX COMMISSION

CVS PHARMACY, INC v STATE TAX COMMISSION

NES RENTAL HOLDINGS, INC v STATE TAX COMMISSION

IRON MOUNTAIN INFORMATION MANAGEMENT, INC
v STATE TAX COMMISSION

IRON MOUNTAIN INFORMATION MANAGEMENT, INC
v STATE TAX COMMISSION

IRON MOUNTAIN INFORMATION MANAGEMENT, INC
v STATE TAX COMMISSION

IRON MOUNTAIN INFORMATION MANAGEMENT, INC
v STATE TAX COMMISSION

IRON MOUNTAIN INFORMATION MANAGEMENT, INC
v STATE TAX COMMISSION

MIDLAND COGENERATION VENTURE LIMITED PARTNERSHIP v
STATE TAX COMMISSION

Docket Nos. 291579, 291586, 291729 through 291734, and 291907. Submitted December 7, 2009, at Detroit. Decided December 29, 2009, at 9:20 a.m.

Iron Mountain Information Management, Inc., brought an action in the Washtenaw Circuit Court against Robert Naftaly, in his capacity as chairperson of the State Tax Commission, Douglas Roberts and Frederick Morgan, in their capacities as members of the State Tax Commission, the State Tax Commission (STC), James Rushton, in his capacity as Pittsfield Charter Township assessor, and Pittsfield Charter Township, seeking, in part, a writ of mandamus or superintending control to issue an order classifying the property in a particular manner. Plaintiff had disputed the classification and protested to the March board of review, which affirmed the classification. Plaintiff appealed the decision of the March board of review by filing a classification complaint petition with the STC pursuant to MCL 211.34c(6). The STC agreed with the assessor's classification and issued a decision in favor of the assessor. The STC moved in the circuit court for summary disposition, alleging that the circuit court did not have jurisdiction to review the STC's decision and that the appeal was untimely. The trial court, David S. Swartz, J., denied the STC's motion and entered an order granting relief in favor of Iron Mountain. Naftaly, Roberts, Morgan, and the STC appealed.

In a similar separate action brought in the Oakland Circuit Court by CVS Pharmacy, Inc., against Naftaly, Roberts, Morgan, the STC, Glenn Lemmon, in his capacity as assessor for the city of Novi, and the city of Novi, CVS sought similar relief. The court, Shalina Kumar, J., granted relief in favor of CVS. Naftaly, Roberts, Morgan, and the STC appealed.

In similar separate actions in the Wayne Circuit Court by NES Rental Holdings, Inc., against Naftaly, Roberts, Morgan, the STC, Linda Bade, in her capacity as assessor for the city of Detroit, and the city of Detroit, and by Iron Mountain against Naftaly, Roberts, Morgan, the STC, Bade, and the city of Detroit, and by Iron Mountain against Naftaly, Roberts, Morgan, the STC, Sherron Schultz, in her capacity as assessor for the city of Livonia, and the city of Livonia, and by Iron Mountain against Naftaly, Roberts, Morgan, the STC, Tom Yack, in his capacity as Canton Township Supervisor, and Canton Township, and by Iron Mountain against Naftaly, Roberts, Morgan, the STC, Linda Bade, in her capacity as assessor for the city of Detroit, and the city of Detroit, the trial court, Virgil C. Smith, Jr., J., granted summary disposition in favor of the respective plaintiffs. Naftaly, Roberts, Morgan, and the STC appealed.

In a similar separate action brought in the Midland Circuit Court by Midland Cogeneration Venture Limited Partnership against Naftaly, Roberts, Morgan, and the STC the trial court, Jonathan E. Lauderbach, J., granted relief in favor of the plaintiff. Naftaly, Roberts, Morgan, and the STC appealed. The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. The plain language of MCL 211.34c(6) states that an appeal may not be taken from the STC's decision in a property classification appeal.

2. Review under MCL 24.301 of the Administrative Procedures Act is not applicable because these cases do not involve a contested case. The STC's review of a decision of a local board of review in a property classification dispute does not involve a contested case.

3. No right of review of the STC's decision by the circuit court exists under MCR 7.101 because the Legislature has specifically provided in MCL 211.34c(6) that the STC's final decision on a property classification appeal is not reviewable.

4. Const 1963, art 6, § 28 clearly vests the Legislature with the authority to exert substantial control over the mechanics of how administrative decisions are to be appealed. The provisions of MCL 211.34c(6) are not constitutionally infirm. The orders of the trial courts must be reversed and the cases must be remanded to

the appropriate trial court for entry of an order granting summary disposition in favor of the defendants in each case.

Reversed and remanded.

TAXATION — STATE TAX COMMISSION — PROPERTY CLASSIFICATION DISPUTES — APPEAL.

The State Tax Commission's decision on a property classification appeal is not reviewable by the circuit court; the State Tax Commission's review of a decision of a local board of review in a property classification dispute does not involve a contested case subject to review under the Administrative Procedures Act; no right of review of the State Tax Commission's decision by the circuit court exists under MCR 7.101 (MCL 24.301, 211.34c[6]).

*Honigman Miller Schwartz and Cohn LLP* (by *Michael B. Shapiro* and *Jason Conti*) for Iron Mountain Information Management, Inc., CVS Pharmacy, Inc., NES Rental Holdings, Inc., and Midland Cogeneration Venture Limited Partnership.

*Gary B. Pasek* for Midland Cogeneration Venture Limited Partnership.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Steven B. Flancher* and *Michael R. Bell*, Assistant Attorneys General, for Robert Naftaly, Douglas Roberts, Frederick Morgan, and the State Tax Commission.

Before: GLEICHER, P.J., and FITZGERALD and WILDER, JJ.

PER CURIAM. In each of these consolidated appeals the plaintiff disputed the classification of subject parcels of property and protested the assigned classification to the March board of review. Each plaintiff then appealed the decision of the March board of review by filing a classification complaint petition with the State Tax Commission (STC) pursuant to MCL 211.34c(6) of the

General Property Tax Act, MCL 211.1 *et seq*. In each case the STC agreed with the assessor's classification and issued its decision by way of a letter to the plaintiffs from the STC's executive secretary. Each plaintiff filed a complaint in circuit court seeking, in part, a writ of mandamus or superintending control to compel the STC to (1) issue a valid order, and (2) classify the plaintiff's subject parcel or parcels in a particular manner. The STC moved for summary disposition, asserting, in part, that the circuit court does not have jurisdiction to review the STC's decision in a property classification appeal under MCL 211.34c(6), and that, even if the court did have jurisdiction under MCL 24.306 of chapter 6 of the Administrative Procedures Act, MCL 24.301 *et seq.*, plaintiffs' appeals to the circuit court were untimely because the plaintiffs did not file their appeals within 21 days of receipt of the letters from the STC. The trial court in each case denied the STC's motion for summary disposition and ordered the STC to submit a proper order complying with MCL 209.105.[1] None of the trial courts directly addressed the STC's jurisdictional challenge. We reverse.

## I. STANDARD OF REVIEW

"Whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001). This Court also reviews de novo legal issues of statutory construction. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 698; 736 NW2d 594 (2007).

---

[1] In Docket Nos. 291579, 291586, and 291907, the trial courts also issued a writ of mandamus for the STC to classify the plaintiffs' properties in a specific manner.

II. ANALYSIS

The goal in statutory construction is to discern and give effect to the Legislature's intent. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). The intent of the Legislature is most reliably shown through the words used in the statute. *Id.* If the language in the statue is unambiguous, judicial construction is neither required nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

This Court in *Hopkins v Parole Bd*, 237 Mich App 629, 637-638; 604 NW2d 686 (1999), stated that,

> [g]enerally, three potential avenues of review exist by which an aggrieved party may challenge an administrative body's decision: (1) review pursuant to a procedure specified in a statute applicable to the particular agency, (2) the method of review for contested cases under the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, or (3) an appeal pursuant to § 631 of the Revised Judicature Act, MCL 600.631; MSA 27A.631, and Const 1963, art 6, § 28, in conjunction with MCR 7.104(A).

A

Under MCL 211.34c(6), which is the applicable statute in this case,

> [a]n owner of any assessable property who disputes the classification of that parcel shall notify the assessor and may protest the assigned classification to the March board of review. An owner or assessor may appeal the decision of the March board of review by filing a petition with the state tax commission not later than June 30 in that tax year. The state tax commission shall arbitrate the petition based on the written petition and the written recommendations of the assessor and the state tax commission staff. *An appeal may not be taken from the decision of the state tax commission regarding classification complaint petitions and the*

*state tax commission's determination is final and binding for the year of the petition.* [Emphasis added.]

The plain language of MCL 211.34c(6) clearly states that an appeal may not be taken from the STC's decision in a property classification appeal. The Legislature has effectively barred appeals from the STC's decision in such an appeal.

B

Review under MCL 24.301 of the APA is not applicable, because these cases do not involve a contested case. Under the APA, "contested case" means "a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203(3). Under MCL 211.34c(6), the STC arbitrates the petition on the basis of the written petition and the written recommendations of the assessor and the STC's staff. Thus, the STC's review of a decision of a local board of review in a property classification dispute does not involve a contested case.

C

Under MCL 600.631 of the Revised Judicature Act,

[an] appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham County, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

MCR 7.104(A) states with regard to appeals under MCL 600.631: "An appeal in the circuit court under MCL 600.631 is governed by MCR 7.101 and 7.103, except that the bond requirements do not apply." MCR 7.101(A)(3) provides that "This rule does not restrict or enlarge the right of review provided by law or make an order or judgment reviewable if it is not otherwise reviewable." Because the Legislature has specifically provided that the STC's final decision on a property classification appeal under MCL 211.34c(6) is not reviewable, no right of review of the STC's decision by the circuit court exists under MCR 7.101.

D

Lastly, Const 1963, art 6, § 28 provides, in relevant part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts *as provided by law*. [Emphasis added.]

In *McAvoy v H B Sherman Co*, 401 Mich 419, 443; 258 NW2d 414 (1977), the Court construed art 6, § 28, regarding the phrase "as provided by law," stating:

> It would be inaccurate to contend that art 6, § 28, guarantees an unencumbered, *de novo* right to appeal. The very wording of the provision states otherwise. Article 6, § 28, specifically provides that such rulings "shall be subject to direct review by the courts *as provided by law*." (Emphasis added.)

> The phrase "as provided by law" clearly vests the Legislature with the authority to exert substantial control over the mechanics of how administrative decisions are to be appealed.

Through the express language of MCL 211.34c(6), the

Legislature exerted control over the mechanics of how administrative decisions are to be appealed by providing that an appeal of an STC decision on a property classification appeal is precluded "for the year of the petition."[2] This Court can find nothing in that statute that renders it constitutionally infirm.[3]

Reversed and remanded for entry of an order granting summary disposition in favor of defendants in each case. Jurisdiction is not retained.

---

[2] The Legislature did not preclude review by other mechanisms. For example, a party could pay the property taxes due for a subject parcel, and then file a claim in the Michigan Tax Tribunal for a refund of taxes paid because of an improper classification.

[3] In light of our conclusion, we need not address plaintiffs' argument that the letter from the executive secretary of the STC to each plaintiff advising of its determination on the property classification appeal was not a valid order under MCL 209.105 because it was not signed by the chairman of the commission and the seal of the commission was not affixed to the letter.