**Lansing, Michigan**

# Opinion

Chief Justice:

Robert P. Young, Jr.

Justices:

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

FILED MAY 23, 2011

STATE OF MICHIGAN

SUPREME COURT

MIDLAND COGENERATION VENTURE
LIMITED PARTNERSHIP,

   Plaintiff-Appellant,

v

             No. 140814

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

   Defendants-Appellees.

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

   Plaintiff-Appellant,

v

             No. 140817

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of

the State Tax Commission, and STATE TAX
COMMISSION,

        Defendants-Appellees,
and

JAMES RUSHTON, in his capacity as
Pittsfield Charter Township Assessor, and
PITTSFIELD CHARTER TOWNSHIP,

        Defendants.

---

CVS PHARMACY, INC.,

        Plaintiff-Appellant,

v                                  No. 140818

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

        Defendants-Appellees,
and

GLENN LEMMON, in his capacity as
assessor for the city of Novi, and CITY OF
NOVI,

        Defendants.

---

NES RENTAL HOLDINGS, INC.,

        Plaintiff-Appellant,

v                                  No. 140819

2

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

        Defendants-Appellees,
and

LINDA BADE, in her capacity as assessor
for the city of Detroit, and CITY OF
DETROIT,

        Defendants.

_____

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

        Plaintiff-Appellant,

v                                            No. 140820

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

        Defendants-Appellees,
and

LINDA BADE, in her capacity as assessor
for the city of Detroit, and CITY OF
DETROIT,

        Defendants.

_____

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

   Plaintiff-Appellant,

v             No. 140821

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

   Defendants-Appellees,
and

SHERRON SHULTZ, in her capacity as
assessor for the city of Livonia, and CITY
OF LIVONIA,

   Defendants.

_____

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

   Plaintiff-Appellant,

v             No. 140822

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

   Defendants-Appellees,
and

_____

4

SHERRON SCHULTZ, in her capacity as
assessor for the city of Livonia, and CITY
OF LIVONIA,

        Defendants.

---

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

        Plaintiff-Appellant,

v

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK
MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

        Defendants-Appellees,
and

TOM YACK, in his capacity as Canton
Township Supervisor, and CANTON
TOWNSHIP,

        Defendants.

No. 140823

---

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

        Plaintiff-Appellant,

v

ROBERT NAFTALY, in his capacity as
chairperson of the State Tax Commission,
DOUGLAS ROBERTS and FREDERICK

No. 140824

5

MORGAN, in their capacities as members of
the State Tax Commission, and STATE TAX
COMMISSION,

                    Defendants-Appellees,
and

LINDA BADE, in her capacity as assessor
for the city of Detroit, and CITY OF
DETROIT,

                    Defendants.

_____

BEFORE THE ENTIRE BENCH

MARILYN KELLY, J.

        In these consolidated cases, we must determine whether circuit courts have subject

matter jurisdiction over appeals from the State Tax Commission (STC) regarding

property classifications.  We conclude that they do.

        We hold that, because they constitute final decisions that are quasi-judicial and

affect private rights, STC property-classification decisions fall within the ambit of article

6, § 28 of the Michigan Constitution, which guarantees judicial review.  The Legislature

lacks the authority to abolish the right to judicial review by enacting a statute.  As a

consequence, we declare the final sentence of MCL 211.34c(6) unconstitutional because

it denies appeal in the courts of STC classification decisions.  And because the

Legislature has not provided other means for judicial review of STC classification

decisions, we hold that the circuit courts have jurisdiction over such appeals pursuant to

MCL 600.631.

6

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This appeal involves nine consolidated cases. All the plaintiffs own property that is subject to property taxes in Michigan. They describe the property as machinery and equipment. For 2008, the tax year in question, the local assessors classified the property for tax-assessment purposes as industrial real property[1] or commercial personal property.[2] Plaintiffs timely petitioned the relevant boards of review to reclassify the property as industrial personal property.[3] That reclassification would permit them to take advantage of recently enacted tax exemptions or credits.[4] In each instance, the board denied the request. Plaintiffs thereafter individually petitioned the STC to reclassify the property.

In each case, the STC denied the request to reclassify the property. Plaintiffs then individually sought and obtained relief in various circuit courts. Defendants appealed the judgments in the Court of Appeals, which granted leave to appeal and consolidated the individual cases. The Court reversed each of the circuit court judgments and remanded

---

[1] MCL 211.34c(2)(d).

[2] MCL 211.34c(3)(b). In the *Midland Cogeneration* case (Docket No. 140814), the Midland assessor classified plaintiff's property as industrial real property. In all the other cases (Docket Nos. 140817 through 140824), the property in question was classified as commercial personal property.

[3] MCL 211.34c(3)(c).

[4] Changes to the Michigan Business Tax Act (MBTA), MCL 208.1101 *et seq*., effective in tax year 2008 provide for credit against MBTA liability for property taxes paid on a tax parcel classified as industrial personal property. MCL 208.1413. In addition, recent amendments of the Revised School Code provide exemptions for industrial personal property and commercial property from taxes levied under the State Education Tax Act. See MCL 380.1211.

for the entry of orders granting summary disposition in defendants' favor.[5]  It held that MCL 211.34c(6) bars an appeal in the courts of an STC classification decision.[6]

MCL 211.34c(6) provides in pertinent part:  "An appeal may not be taken from the decision of the state tax commission regarding classification complaint petitions and the state tax commission's determination is final and binding for the year of the petition." The Court of Appeals rejected plaintiffs' claim that the statute violates the constitutional guarantee of a direct appeal of administrative final decisions.  The Court held that, although it prevents an appeal of classification decisions in the courts, the statute does not prevent other review, such as seeking a refund in the Michigan Tax Tribunal.

Plaintiffs sought leave to appeal in this Court and we granted it, limited to whether the circuit courts have subject matter jurisdiction over appeals of an STC decision regarding property classification.[7]

## STANDARD OF REVIEW AND LEGAL BACKGROUND

The issue of subject matter jurisdiction presented in these cases involves questions of constitutional and statutory interpretation, which are reviewed de novo.[8]

The General Property Tax Act[9] requires local tax assessors to classify "every item of assessable [real and personal] property" in the local tax assessing unit according to

---

[5] *Iron Mountain Info Mgt, Inc v State Tax Comm*, 286 Mich App 616, 623; 780 NW2d 923 (2009).

[6] *Id.* at 621.

[7] *Iron Mountain Info Mgt, Inc v Naftaly*, 486 Mich 1038 (2010); *Midland Cogeneration Venture Ltd Partnership v Naftaly*, 486 Mich 1038 (2010).

[8] *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009).

categories established in MCL 211.34c.[10] It classifies real property into six broad categories: agricultural, commercial, developmental, industrial, residential, and timber-cutover.[11] Personal property is classified into five broad categories: agricultural, commercial, industrial, residential, and utility.[12]

A property owner who disputes the local tax assessor's classification "must notify the assessor and may protest the assigned classification to the March board of review."[13] A property owner or the assessor may appeal a decision of the board by filing a petition with the STC not later than June 30 of that tax year.[14] The STC is required to "arbitrate the petition based on the written petition and written recommendations of the assessor and the state tax commission staff."[15]

Under MCL 211.34c(6), a decision of the STC regarding property classification is final, and no appeal is permitted. However, MCL 211.34c(7) provides that the Department of Treasury may appeal a classification decision to "the residential and small claims division of the Michigan tax tribunal not later than December 31 in the tax year for which the classification is appealed."

---

[9] MCL 211.1 *et seq.*

[10] MCL 211.34c(1).

[11] MCL 211.34c(2)(a) through (f).

[12] MCL 211.34c(3)(a) through (e).

[13] MCL 211.34c(6).

[14] *Id.*

[15] *Id.*

ANALYSIS

In reviewing a constitutional challenge, we presume that statutes are constitutional as written.[16] We exercise the power to declare a law unconstitutional "with extreme caution."[17] Plaintiffs claim that MCL 211.34c(6) violates article 6, § 28 of the Michigan Constitution, which provides in pertinent part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law . . . .[18]

Article 6, § 28 is not an absolute guarantee of judicial review of every administrative decision. In order for it to apply, (1) the administrative decision must be a "final decision" of an administrative agency, (2) the agency must have acted in a "judicial or quasi-judicial" capacity, and (3) the decision must affect private rights or licenses. Therefore, we must determine whether STC classification decisions are final decisions of a judicial or quasi-judicial nature that affect private rights or licenses.

---

[16] *Cruz v Chevrolet Grey Iron Div of Gen Motors Corp*, 398 Mich 117, 127; 247 NW2d 764 (1976) (opinion by COLEMAN, J., citing cases).

[17] *Thayer v Dep't of Agriculture*, 323 Mich 403, 410; 35 NW2d 360 (1949) (citations and quotation marks omitted).

[18] Const 1963, art 6, § 28. The final sentence of this section provides: "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." The parties do not allege that property classifications are decisions relating to valuation or allocation. Hence, we do not consider this portion of the section in this opinion.

First, it is uncontested that the challenged STC decisions are final decisions of an administrative agency. In each of these cases, the STC sent a letter to the plaintiff advising it that the STC's decision was final because MCL 211.34c(6) provides for no appeal of it.

Second, in order for article 6, § 28 to apply, the STC must have acted in a judicial or quasi-judicial capacity in rendering its classification decisions. Decisions of the STC are not judicial decisions. The dispositive question is whether they are quasi-judicial in nature.

This Court has employed the term "quasi-judicial" broadly: "When the power is conferred by statute upon a commission such as the public utilities, or a board such as the department of labor and industry, to ascertain facts and make orders founded thereon, they are at times referred to as *quasi*-judicial bodies . . . ."[19] The Court of Appeals has referred to Black's Law Dictionary to define "quasi-judicial":

> "A term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature."[20]

An STC classification decision is not a general rulemaking or advisory decision. The STC resolves disputed factual claims on a case-by-case basis. This entails an evaluation of evidence and dispute resolution, which are quasi-judicial functions. Furthermore, MCL 211.34c(6) styles the STC's actions as arbitrations in which the STC

---

[19] *People ex rel Clardy v Balch*, 268 Mich 196, 200; 255 NW 762 (1934).

[20] *Pletz v Secretary of State*, 125 Mich App 335, 351-352; 336 NW2d 789 (1983), quoting Black's Law Dictionary (4th ed), p 1411.

11

considers written petitions and "arbitrates" matters.[21]   Thus, in rendering property

classification decisions, the STC acts as an arbitrator adjudicating disputed claims.  It is

well settled that an arbitrator's function is quasi-judicial in nature.[22]

Third, in order for article 6, § 28 to apply to STC classification decisions, they

must "affect private rights or licenses."  This case does not involve a license.  Therefore,

we must determine whether STC classification decisions affect private rights.

Taxpayers do not have "a vested right in a tax statute or in the continuance of any

tax law."[23]  We defined a vested right as "an interest that the government is compelled to

recognize and protect of which the holder could not be deprived without injustice."[24]  In

contrast, article 6, § 28 of the constitution recognizes and protects administrative

decisions that "affect private rights."  Black's Law Dictionary defines a "private right" as

"a personal right, as opposed to a right of the public or the state."[25]  Black's defines

"right" as "[t]he interest, claim, or ownership that one has in tangible or intangible

property."[26]

---

[21] "The state tax commission shall arbitrate the petition based on the written petition and the written recommendations of the assessor and the state tax commission staff."  MCL 211.34c(6).

[22] See *Boraks v American Arbitration Ass'n*, 205 Mich App 149, 151; 517 NW2d 771 (1994); *Int'l Union, United Auto, Aerospace, & Agricultural Implement Workers v Greyhound Lines, Inc*, 701 F2d 1181, 1185 (CA 6, 1983).

[23] *Detroit v Walker*, 445 Mich 682, 703; 520 NW2d 135 (1994).

[24] *Id.* at 699.

[25] Black's Law Dictionary (8th ed), p 1348.

[26] *Id*. at 1347, definition 5.

12

We conclude that taxpayers have a private right to ensure that their property is taxed the same as similarly situated property.[27] As applied to this case, the classification of plaintiffs' property will determine whether plaintiffs are entitled to the same tax treatment received by owners of similarly classified property. Plaintiffs have an interest in the proper interpretation of the statutory definitions of "industrial personal property," "commercial personal property," and "industrial real property." An erroneous interpretation of the statutory definitions could impermissibly increase their tax burden and thus affect their private right. Hence, the STC classification decisions in question affect private rights.

Aside from requiring a final quasi-judicial decision that affects private rights, article 6, § 28 provides that such decisions "shall be subject to direct review by the courts *as provided by law*."[28] Defendants argued that "as provided by law" means that the Legislature has the authority to limit the jurisdiction of the circuit courts. The Court of Appeals agreed and, in reliance on that language, held that MCL 211.34c(6) prevents an STC classification decision from being appealed in a court. It relied solely on this Court's 1977 decision in *McAvoy v H B Sherman Co*.[29]

*McAvoy* held that the Legislature may "exert substantial control over the mechanics of how administrative decisions are to be appealed."[30] It does not stand for

---

[27] See Const 1963, art 9, § 3 (requiring the Legislature to provide for uniform taxation of property).

[28] Const 1963, art 6, § 28 (emphasis added).

[29] *McAvoy v H B Sherman Co*, 401 Mich 419, 443; 258 NW2d 414 (1977).

[30] *Id.*

13

the proposition that the Legislature can limit the jurisdiction of the circuit courts. Rather, *McAvoy* held that "as provided by law" contemplates that the Legislature will provide the manner in which judicial review shall occur. It recognized the Legislature's ability to dictate "how," "when," and "what" type of appeal of an agency decision is permitted. Acknowledging that the Michigan Constitution mandates review, *McAvoy* opined that "as provided by law" permits the Legislature only to prescribe the details of that review.[31] For example, the Legislature can prescribe time frames for filing an appeal, dictate whether a party may obtain a stay pending appeal, and set forth the controlling standard of review.

MCL 211.34c(6) is not an exercise of control over the "mechanics" of an appeal to the courts of an STC classification decision. Rather, it is a complete prohibition of court review of STC classification decisions. There is a significant difference between dictating the mechanics of an appeal and preventing an appeal altogether. Thus, the Court of Appeals erred by concluding that MCL 211.34c(6) is concerned merely with mechanics.

The Legislature may not eradicate a constitutional guarantee in reliance on the language "as provided by law." Because MCL 211.34c(6) eliminates any appeal of a final administrative decision that is quasi-judicial in nature and affects private rights, it runs afoul of the guarantee in article 6, § 28. This conclusion assumes that there is no other mechanism for direct review by the courts.

---

[31] See *id.*

14

The Court of Appeals and defendants have failed to make a persuasive case that an alternative mechanism exists with which to appeal an STC classification decision. The Court suggested that a plaintiff could pay the tax and then seek a refund in the Michigan Tax Tribunal.[32] However, nothing in the Tax Tribunal Act grants the Tax Tribunal jurisdiction over STC classification decisions. Indeed, in 2010, the Tax Tribunal ruled that it lacks jurisdiction over STC classification decisions.[33] Hence, as a result of that decision and the Court of Appeals' opinion, plaintiffs are left with no forum in which to challenge STC classification decisions, notwithstanding their constitutional right to judicial review.

Therefore, we hold that the phrase "as provided by law" in article 6, § 28 does not grant the Legislature the authority to circumvent the protections that the section guarantees. If it did, those protections would lose their strength because the Legislature could render the entire provision mere surplusage. And given that no other mechanism for review of STC classification decisions exists, the last sentence of MCL 211.34c(6) violates article 6, § 28.

To cure this defect, we must determine whether the entire statute is unconstitutional or whether its last sentence is severable. MCL 8.5 provides:

---

[32] The Court of Appeals stated: "The Legislature did not preclude review by other mechanisms. For example, a party could pay the property taxes due for a subject parcel, and then file a claim in the Michigan Tax Tribunal for a refund of taxes paid because of an improper classification." *Iron Mountain Info Mgt*, 286 Mich App at 623 n 2.

[33] *Midland Cogeneration Venture Ltd Partnership v City of Midland*, order of the Michigan Tax Tribunal, entered April 21, 2010 (Docket No. 383162).

15

If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such portions are not determined by the court to be inoperable, and to this end acts are declared to be severable.

To determine whether severance is appropriate, we must consider whether the portion of MCL 211.34c(6) remaining after its last sentence has been severed is capable of functioning alone.[34]

The subsection consists of four sentences. The first three dictate the process by which a property owner may protest an adverse property classification.[35] The initial review is made by the March board of review. The next level of review is by the STC. The fourth and final sentence of MCL 211.34c(6) restricts judicial review of STC classification decisions. This final sentence has no effect on the remainder of the subsection. In its absence, the subsection provides for an internal appellate process within the administrative agency. The internal process is separate and distinct from any judicial review. Thus, MCL 211.34c(6) is capable of functioning without its final sentence. Accordingly, the final sentence of MCL 211.34c(6), which shields STC classification decisions from judicial review, is severed and declared unconstitutional.[36] The remainder of MCL 211.34c(6) remains in full force and effect.

Without the final sentence of MCL 211.34c(6), the General Property Tax Act is silent as to plaintiffs' right to appeal an adverse STC classification decision. As we have

[34] See *Maki v East Tawas*, 385 Mich 151, 159; 188 NW2d 593 (1971).

[35] MCL 211.34c(6).

[36] See *C F Smith Co v Fitzgerald*, 270 Mich 659, 667-668; 259 NW 352 (1935).

16

held, however, article 6, § 28 of the Michigan Constitution mandates that plaintiffs be afforded this right. Thus, we must consider what remedy is available to plaintiffs absent a specific legislative directive.

The Revised Judicature Act specifically allows appeals of decisions by state agencies when judicial review "has not otherwise been provided by law."[37] Because MCL 211.34c(6) precluded judicial review in violation of article 6, § 28, judicial review "has not otherwise been provided by law," and MCL 600.631 applies. Therefore, the circuit court has subject matter jurisdiction over appeals of a decision of the STC regarding property classifications.

## CONCLUSION

STC property-classification decisions are final decisions of an administrative agency that are quasi-judicial in nature and affect private rights. Consequently, article 6, § 28 of the Michigan Constitution guarantees judicial review of them, and this guarantee may not be jettisoned by statute. Accordingly, because the final sentence of MCL 211.34c(6) precludes judicial review of STC classification decisions, it violates article 6,

---

[37] MCL 600.631 states:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

17

§ 28 of the Michigan Constitution. We declare that sentence unconstitutional and sever it, leaving the remainder of MCL 211.34c(6) in full force and effect.

The circuit courts have subject matter jurisdiction over appeals of a decision of the STC regarding property classifications. Plaintiffs may appeal the decisions in the cases before us in the circuit court for the county of which plaintiffs are residents or the circuit court for Ingham County.

We reverse the judgment of the Court of Appeals.

Marilyn Kelly
Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra