# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS E. DUNN, LINDA L. DUNN, KENNETH A. THOMPSON, DARLENE J. DOWLING THOMPSON, JACK E. ELLIOTT, KELLY MILLER, DENISE E. MILLER, JAMES LINDEBAUM, KIM LINDEBAUM, PETER KONETCHY, ZHANNA KONETCHY, JOE GOLIMBIESKI, BRENCH GOLIMBIESKI, JOE V. SADOWSKI, and JOYCE SADOWSKI,

UNPUBLISHED
August 25, 2016

Plaintiffs-Appellants,

v

No. 328149
Ingham Circuit Court
LC No. 15-000371-AS

STATE TAX COMMISSION CHAIRPERSON, DEPARTMENT OF TREASURY, and WAYNE WORKMAN,

Defendants-Appellees.

Before: OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs appeal from an order of the circuit court dismissing their action for lack of jurisdiction. We affirm.

Plaintiffs, who own various pieces of real property located in different local jurisdictions within Michigan, filed a petition under MCL 211.154 with the State Tax Commission (STC) to reduce their real property assessment to zero. In separate memos to the STC, the Executive Director of the STC recommended that the petitions be dismissed for lack of jurisdiction because they made "no allegation that the taxpayer owns no property, that the property is double assessed or is entitled to a statutorily recognized exemption." The STC accepted the recommendation and dismissed the petitions, with plaintiffs being notified in separate letters between December 18, 2013, and November 7, 2014. Rather than appealing that ruling, plaintiffs chose, several months later, on May 11, 2015, to file an original action in the circuit court for a writ of superintending control seeking an order directing the STC to remove their property from the assessment roles.

The circuit court thereafter sua sponte ordered the action dismissed, concluding that the STC's "determination [of the lack of jurisdiction] is not reviewable by the circuit court, and

-1-

furthermore, Plaintiffs failed to exhaust any other adequate remedies prior to filing this claim pursuant to MCR 3.302(B)." The trial court thereafter denied plaintiffs' motion for reconsideration. Plaintiffs now appeal.

We agree with the trial court that it lacked the authority to grant a writ of superintending control. Under MCR 3.302(B), "[i]f another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed." MCR 3.302(D)(2) further explains that when "an appeal in the Supreme Court, the Court of Appeals, or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed."

MCL 211.154(7) provides that "A person to whom property is assessed under this section may appeal the state tax commission's order to the Michigan tax tribunal." Moreover, even if we were to view the STC's disposition as constituting an order appealable to the tax tribunal under MCL 211.154(7), a final order of the STC, if there is no administrative means of appeal provided by statute, is appealable to the circuit court. See *Midland Cogeneration Venture Limited Partnership v Naftaly*, 489 Mich 83, 87; 803 NW2d 674 (2011); MCL 600.631. Accordingly, rather than seeking a writ of superintending control, plaintiffs should have sought a timely appeal. That is, because either an administrative or judicial appeal was available, superintending control is not.[1]

---

[1] At oral argument, plaintiffs indicated that they were unable to take an appeal to the tax tribunal under MCL 211.154(7) because the STC never actually issued a final order dismissing plaintiffs' petitions. Because the case before us originated in the circuit court rather than the STC, we are unable to either confirm or reject this assertion because the STC record is not before us. In fact, we only know that the STC dismissed plaintiffs' petitions because plaintiffs appended to their complaint in the circuit court copies of the letters sent to them by the STC informing them of the dismissals.

But whether the STC did or did not issue orders of dismissal, or whether the letters sent to plaintiffs are adequate to serve as such orders, our analysis does not change. If the STC did issue a final order (or the letters sent to plaintiffs serve that purpose), then plaintiffs had the opportunity to appeal and failed to do so. If no such orders have yet been issued (and the letters are inadequate to serve that purpose), then the appeal period has not yet begun to run and plaintiffs will have the opportunity to appeal to the tax tribunal once a final order of the STC is entered. In either case, a mandamus action to the circuit court is not available, and, therefore, we need not resolve the issue whether an appeal to the tax tribunal remains available.

At most, plaintiffs might be entitled to seek mandamus in the circuit court to compel the STC to issue final orders dismissing plaintiffs' petitions so that they may seek their appeals to the tax tribunal. But we need not resolve the question whether such a mandamus action would be viable because plaintiffs did not pursue that remedy in the case before us. They only sought mandamus to compel the STC to remove their properties from the tax rolls. And, as discussed above, that mandamus relief is not available to plaintiffs.

Affirmed.  Defendants may tax costs.

/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro